**Daries E. PIKE**

v.

**David MATHEWS, Secretary of Health, Education and Welfare.**

**Civ. No. 3–75–251.**

United States District Court, E. D. Tennessee, N. D.

April 14, 1976.

Richard W. Krieg, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action to review the final decision of the Secretary of the Department of

Health, Education and Welfare denying plaintiff's claim for black lung benefits pursuant to the Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Before the Court are cross-motions for summary judgment.

Plaintiff is a 63-year-old ex-coal miner who began working in the mines at age twelve. The Secretary credited him with in excess of fifteen years of coal mining employment, but the record indicates that he worked in the mines for thirty or forty years. He quit coal mining in 1958 and has not worked since. There is no evidence in the record that plaintiff is capable of coal mine or other comparable work. The reasons that he left coal mining are summarized as follows in a statement dated April 27, 1972 which was made by his personal physician, Dr. Thompson:

"This 59 year old man was forced to retire from the mines because of increasing dyspnea and cough.

\* \* \* \* \* \*

"In view of the fact that this man is a pulmonary cripple I would say he is totally and permanently disabled." (Tr. 60).

Doctor Thompson diagnosed plaintiff as suffering from pneumoconiosis, pulmonary emphysema and fibrosis and hypertensive vascular disease in a report dated February 17, 1973. Dr. Thompson also stated that plaintiff was unable to work in the mines because of extreme dyspnea. (Tr. 71). Further, Dr. Thompson reported on December 24, 1974 that plaintiff

"was forced to retire after 35 years of working underground because of an advanced pneumoconiosis, pulmonary emphysema and fibrosis as evidenced by marked lessening of vital capacity, shortness of breath and gradual physical deterioration. He has advanced pulmonary emphysema and fibrosis and pneumoconiosis. He is totally disabled for work in the mines or elsewhere." (Tr. 87).

Another physician, Dr. Swann, who also had the benefit of personally examining plaintiff, was of the impression that plaintiff suffered from pneumoconiosis and chronic obstructive pulmonary disease. (Tr. 84).

■ The Secretary places great emphasis on the X-ray reports and pulmonary function studies of record. These reports and studies are conflicting, and the resolution of such conflicts is the prerogative of the secretary. Our examination of the record reveals, however, that the Secretary failed to afford the plaintiff the presumption of 30 U.S.C. § 921(c)(4) which operates independently of X-ray reports and pulmonary function studies. *See Ansel v. Weinberger,* 529 F.2d 304 (6th Cir. 1976).

Section 921(c)(4) provides in pertinent part as follows:

"if a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's . . . claim under this subchapter and it is interpreted as negative . . . and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis . . . The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine."

■ There is no substantial basis for the Secretary's finding that plaintiff failed to establish that he was totally disabled within the definition of the Act. The plaintiff's personal physician stated unequivocally on several occasions that plaintiff was totally disabled for coal mine work. (Tr. 60, 71, 87). No other medical witness contradicted these statements. The affidavits submitted by plaintiff and his wife as well as other evidence of record support Dr. Thompson's opinion. We conclude that plaintiff submitted sufficient evidence to raise the rebuttable presumption of total disability due to pneumoconiosis.

Once the presumption of Section 921(c)(4) is raised, it cannot be rebutted by negative X-ray reports or by showing that pneumoconiosis was not established by pulmonary function studies. *Ansel v. Weinberger, supra,* at 309. In order to rebut the presumption "it appears that the Secretary would have been required to at least produce a medical opinion that [plaintiff] did not have pneumoconiosis." *Id.* The record reveals no such testimony.

The Appeals Council acknowledged the conclusions reached by Dr. Thompson that plaintiff has advanced pulmonary emphysema, fibrosis and pneumoconiosis and that he was unable to do coal mine or other work, but in its decision it stated that the physician's "statement does not contain reports of X-ray interpretations or results of spirometric testing." (Tr. 8). The Appeals Council further found "that the X-ray evidence of record and spirometric studies of record constitute the most probative and credible evidence of record regarding respiratory function." *Id.*

The Appeals Council did not have the benefit of *Ansel, supra,* when it decided this case. *Ansel* made it clear, however, that negative X-ray reports and pulmonary function studies alone cannot be used to prevent the operation of, or to rebut, the presumption set out in Section 921(c)(4). We conclude, therefore, that there is no substantial basis for the Secretary's refusal to apply the presumption. As indicated previously, there is no substantial evidence of record to rebut the presumption.

Accordingly, the decision of the Secretary is reversed and plaintiff is awarded disability benefits in accordance with the provisions of the Act.

Order Accordingly.